Filed 10/18/24  P. v Hernandez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081871 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE400319) |
| ROBERTO HERNANDEZ, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Roberto Hernandez appeals from his second degree murder and attempted murder convictions.  His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Hernandez also filed a supplemental brief on his own behalf.  Our

independent review confirms there are no arguable issues on appeal except a typographical error in the abstract of judgment regarding a firearm enhancement. We affirm with directions to correct that error.

FACTUAL AND PROCEDURAL BACKGROUND

James Bowens and Dwayne Clark robbed narcotics from Hernandez during a prearranged sale. As the two were running away, Hernandez fired approximately 10 shots at them, killing Bowens and injuring Clark.

Prosecutors charged Hernandez with murder (Pen. Code,[1] § 187; count 1) and attempted murder (§§ 187, 664; count 2), alleging he personally used a firearm in both counts (§12022.53, subd. (d)). A jury convicted Hernandez of the crimes, finding the allegations true. The trial court sentenced Hernandez to 25 years to life on count 1, consisting of 15 years to life for the murder and 10 years for the firearm use. For count 2, the trial court imposed a concurrent 17 years, including seven for the attempted murder and 10 for the weapon enhancement.[2]

Hernandez filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. Counsel identified four potential issues to assist us in our independent review: (1) whether sufficient evidence supported Hernandez's conviction; (2) whether the trial court erred in admitting preliminary hearing testimony from a witness it found

---

[1]     All subsequent statutory references are to the Penal Code.

[2]     Although on both counts the jury found true the firearm allegation under section 12022.53, subdivision (d), which carries a sentence of 25 years to life, the court imposed the lesser included 10-year enhancements under section 12022.53, subdivision (b), pursuant to *People v. Tirado* (2022) 12 Cal.5th 688.

unavailable; (3) whether Hernandez's trial counsel misstated the law regarding voluntary manslaughter during closing argument; and (4) whether the prosecutor improperly appealed to sympathy for the victim during opening and closing argument.

Hernandez filed his own supplemental brief, arguing he deserves a second look at his case because: (1) none of his jurors shared his skin color; (2) he was intoxicated during the shooting; (3) he was unaware of Clark's presence, precluding the requisite intent for attempted murder; (4) his sentence is disproportionate to his criminal history and the circumstances of the crimes; (5) his trial counsel was inadequate; and (6) his jury was misled and misinformed.

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Hernandez and his counsel. The abstract of judgment states that the 10-year firearm enhancement on count 2 was imposed under section 12022.53, subdivision (d), instead of subdivision (b) as ordered by the trial court. Otherwise, we find no arguable issue that would result in a reversal or modification of the conviction.

Regarding the issues raised by Hernandez, his claims of jury racial bias and intoxication are not supported by the record. Hernandez also admitted at trial that he saw two individuals and fired in their direction, contradicting his alleged lack of awareness of Clark's presence.!(6 RT 2060-2061)! As for Hernandez's challenge to his sentence, there is no indication the trial court misapplied sentencing laws or abused its discretion. Finally, Hernandez's claims of inadequate representation and the jury being misled are conclusory and find no support in the record.

Based on the foregoing, we affirm the judgment with directions to correct the abstract of judgment.  Competent counsel has represented Hernandez on this appeal.

## DISPOSITION

The abstract of judgment filed on February 18, 2023, shall be amended to reflect that the 10-year firearm enhancement on count 2 was imposed under section 12022.53, subdivision (b).  The judgment is otherwise affirmed.


RUBIN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

4